In the Matter of HOWARD A. HIRSCHFELD, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 6, 1975.

John G. Bonomi of counsel (*Oscar J. Cohen* with him on the brief), for petitioner.

Robert Roy Dann of counsel (*Kathryn E. Zenoff* with him on the brief; *Aranow, Brodsky, Bohlinger, Benetar & Einhorn,* attorneys), for respondent.

*Per Curiam.* Respondent was charged with failing to keep intact a $1,000 deposit he was holding in escrow and with conversion of $600 of that fund.

Respondent was retained to represent his client in the sale of a three-family dwelling. During the contract negotiations, it developed that the apartments involved were not decontrolled. It was therefore arranged that the respondent would keep the $1,000 deposit in escrow. The money was to be released to the seller only if the seller were able to obtain decontrol orders for the building.

Respondent obtained these orders on behalf of his client but had hired a real estate firm to handle the matter. The fee for that service was $500, which respondent took from the escrow fund without authorization. It is to be noted that during the course of the negotiations the seller continually prodded the respondent to release any funds available to him since the seller was apparently in some financial distress.

A member of the real estate firm testified before the Referee to the effect that the services as claimed to have been ordered by the respondent were in fact performed by the firm and that the fee was $500. Further proof, of course, that the services were performed can be inferred from the fact that the apartments were finally decontrolled.

Respondent released an additional $400 of the remaining escrow fund to the seller prior to the title closing. The balance of $100 which remained in the escrow account was retained by the respondent, who claimed that his original fee was inadequate payment for the full services rendered.

We have carefully reviewed the record and we confirm the finding of the Referee insofar as we agree that there was an invasion of the escrow fund. We do not share the implied disbelief of the Referee in the testimony regarding the services rendered by the realty firm.

We find, further, that respondent's actions were improper. However, the client achieved the result intended; namely, sale of the property involved at the price agreed upon. The escrow fund was not converted for the sole use and benefit of the respondent but, rather, to finalize the sale of the real property and obtain the funds so urgently needed by his client.

Under all the circumstances, we deem it appropriate to impose the punishment of censure (cf. *Matter of Raines,* 38 A D 2d 459), and we further direct that the $100 remaining in the escrow fund be repaid to the seller within 30 days after publication of this decision.

McGivern, P. J., Markewich, Nunez, Kupferman and Lane, JJ., concur.

Respondent censured. Respondent is directed to repay the $100 remaining in the escrow fund to the seller within 30 days after the publication of this decision.